**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

RAFAEL ROBLEDO ARROYO, AKA
Rafael Arroyo, AKA Rafael Robledo,
AKA Maximilian Robledo Alvarado,

        Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

</td><td>

No.   14-72732

Agency No. A205-314-666

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2016[**]
Pasadena, California

Before: PREGERSON and D.W. NELSON, Senior Circuit Judges, and OWENS,
Circuit Judge.

Rafael Robledo Arroyo ("Arroyo"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen removal proceedings to apply for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we **DENY** the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen because Arroyo failed to establish a prima facie case for the relief sought. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) ("In order to prevail on his motion to reopen the proceedings on the basis of changed country conditions, Toufighi needed to clear four hurdles: (1) he had to produce evidence that conditions had changed in Iran; (2) the evidence had to be 'material;' (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he had to 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.' The Board could thus deny the motion to reopen for failing to meet any of these burdens.") (internal citations omitted); *see also Najmabadi*, 597 F.3d at 986 ("The BIA can deny a motion to reopen on any one of at least three independent grounds," including "failure to establish a prima facie case for the relief sought") (citation

2

and internal quotation marks omitted). In light of this conclusion, we do not reach

Arroyo's remaining contentions.

**PETITION FOR REVIEW DENIED.**